IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SAMUEL NISWONGER, | : | |
|     Plaintiff, | : | Case No. 3:12-cv-374 |
|     vs. | : | Judge Thomas M. Rose |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | : | |
| | : | |
|     Defendant. | | |

**ENTRY AND ORDER GRANTING JOINT MOTION (DOC. 31) TO VACATE ORDER (DOC. 30) GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS (DOC. 29)**

Before the Court is the parties' Joint Motion (Doc. 31) To Vacate Order Granting Motion For Attorney's Fees And Costs. On July 23, 2015, Plaintiff filed a Motion for Attorney's Fees and Costs (Doc. 29). Under S.D. Ohio Civ. R. 7.2(a)(2), Defendant's response to the Motion was due within 21 days after service (by August 13, 2015). Under Fed. R. Civ. P. 6(d), this period was extended to 24 days after service because the Motion was served electronically, which is one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Twenty-four days from the date of service was August 16, 2015. Because August 16th was a Sunday, Defendant's response to the Motion was due on the next business day – August 17, 2015 – pursuant to Fed. R. Civ. P. 6(a)(1)(C). Based on the assertions in the Joint Motion (Doc. 31) now before the Court, Defendant incorrectly calculated its deadline to respond to Plaintiff's Motion for Attorney's Fees and Costs as August 20, 2015.

Meanwhile, the parties were engaging in negotiations regarding the issue of attorney's fees and costs. On August 18, 2015, the parties came to an agreement on this issue, thereby

resolving Plaintiff's Motion.  (Doc. 31 at 1.)  Plaintiff intended to file a withdrawal of its Motion on August 19 – one day before the date when Defendant calculated (incorrectly) its deadline to respond.  (*Id.*)  On August 19, however, the Court entered its Order (Doc. 31) granting Plaintiff's Motion for Attorney's Fees and Costs, in which the Court noted that Defendant had not objected to the Motion and its time to do so had expired.  Due to the Court's Order, Plaintiff was unable to file the withdrawal that it had intended to file after the parties reached their agreement.

As a result of the events described above, the parties now jointly request that the Court vacate its Order granting Plaintiff's Motion for Attorney's Fees and Costs.  Subsequent to the vacation of the Court's Order, Plaintiff states that he will file a Notice of Withdrawal of his Motion for Attorney's Fees and Costs (Doc. 29).  The Court being fully advised and good cause appearing therefore, it is  hereby **ORDERED** that:

- The parties' Joint Motion (Doc. 31) To Vacate Order Granting Motion For Attorney's Fees And Costs is **GRANTED**;

- The Court's Entry and Order Granting Plaintiff's Motion for Attorney's Fees and Costs (Doc. 30) is **VACATED**; and

- Plaintiff is **ORDERED** to file his Notice of Withdrawal of the Motion for Attorney's Fees and Costs (Doc. 29) by no later than August 28, 2015, or it shall be denied, without prejudice, by the Court and terminated on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, August 24, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE